JOHN L. BURRIS, Esq., SBN 69888
BEN NISENBAUM, Esq., SBN 222173
ADANTE D. POINTER, Esq. SBN 236229
LATEEF H. GRAY, Esq. SBN 250005
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:    (510) 839-5200
Facsimile:     (510) 839-3882
John.burris@johnburrislaw.com
bnisenbaum@gmail.com
Adante.pointer@johnburrislaw.com
Lateef.gray@johnburrislaw.com

CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
charles@bonnerlaw.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFF
JANE DOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>         Plaintiff,<br>    vs.<br><br>CONTRA COSTA COUNTY; RICARDO PEREZ sued herein in both their individual and official capacities; SHERIFF DAVID LIVINGSTON sued herein in both his individual and official capacities; and Does 1-200, individually, jointly, and severally.<br><br>         Defendants. | **COMPLAINT FOR DAMAGES**<br><br>**Federal Claims**<br>1. VIOLATION OF 42 U.S.C. § 1983 based on Fourteenth Amendment<br>2. VIOLATION OF 42 U.S.C. § 1983 (Supervisory liability based on failure to Train);<br>3. VIOLATION OF 42 U.S.C. § 1983 based on Fourth Amendment |

4. **VIOLATION OF 42 U.S.C. § 1983 based on The Trafficking Victims Protection Act (TVPA) of 2000)(18 U.S.C. § 1590)**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

This case arises out of the sexual abuse and trafficking of Plaintiff JANE DOE by Contra Costa Sheriff's Deputy Ricardo Perez. The two met while Plaintiff JANE DOE was a minor and was in the throes of being sexually exploited, abused, and trafficked by and between over 20 members of the San Francisco Bay Area's law enforcement community. Deputy Perez is but one member of this cabal of police officers and sheriff's deputies that took advantage of Plaintiff JANE DOE to satisfy their own prurient sexual interests despite their duty-bound oath to help her and uphold the law.

As a result of this illegal and despicable police misconduct Alameda County District Attorney Nancy O'Malley filed criminal charges against seven current and former law enforcement officers, including former Contra Costa County Sheriff's Deputy Ricardo Perez. Deputy Ricardo Perez had multiple sexual contacts with JANE DOE while she was a minor.

The Contra Costa County Sheriff's Department, failed to properly supervise its deputies, failed to provide adequate training on identifying victims of sexual exploitation and abuse, allowed improper access to criminal databases, and failed to put in place adequate policy and training on social media use.

These officers, sheriff's deputies, their supervisors and city and county employers either directly engaged in, stood by with a blind eye, or acted to cover up this modern-day enslavement of minor JANE DOE by their own sworn officers. They coerced JANE DOE to continue such

acts for her so-called protection from arrest after she turned 18. These acts constitute unlawful forced labor, trafficking into servitude and sex trafficking, fraud and coercion and have caused JANE DOE to suffer unimaginable abuse, pain, and suffering that she and her family will endure for the rest of her life.

## II. JURISDICTION

1. This Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983 and asserts facts showing that Defendants, and each of them, acted willfully, deliberately and pursuant to a policy, custom and practice, and with reckless disregard of PLAINTIFF'S established Federal Constitutional rights.

## III. VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391 (b) (1) because Defendants reside in this district. Venue is also proper in this district under 28 U.S.C§1391 (b) (2) because the events, acts and omissions giving rise to this claim occurred in this district.

## IV. PARTIES

3. At all times herein mentioned, Plaintiff, JANE DOE was and is a United States citizen and resident of the State of California.

4. At all times herein mentioned, Defendant CONTRA COSTA COUNTY ("COUNTY") is a municipal corporation, organized and existing under and by virtue of the laws of the State of California and, which at all times operated, managed, maintained, supervised, and controlled CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT ("CCCSD").

5. At all times herein mentioned, DEFENDANT SHERIFF DAVID LIVINGSTON was the CONTRA COSTA COUNTY SHERIFF, empowered with final decision-making authority for any and all decisions, herein relevant, including but not limited to hiring, training, supervising, and disciplining Sheriff's deputies.

6. At all times herein mentioned, DEFENDANT RICARDO PEREZ was a Sheriff's Deputy, hired, trained, and supervised by DEFENDANT SHERIFF DAVID LIVINGSTON.

7. At all times herein mentioned, DEFENDANTS RICARDO PEREZ and SHERIFF DAVID LIVINGSTON acted under color of state law and within the course and scope of their employment with the COUNTY and CCCSD.

8. At all times herein mentioned, DEFENDANTS RICARDO PEREZ and SHERIFF DAVID LIVINGSTON are being sued herein in both their individual and official capacities.

## IV. DOE DEFENDANTS

9. Plaintiff does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT Does 1 through 200 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend her complaint to allege their true names and capacities when this has been ascertained.

## VI. RATIFICATION, ADOPTION, AND AUTHORIZATION

10. DEFENDANT COUNTY and its managing agents, in both their individual and official capacities, ratified, adopted and authorized each of DEFENDANT DEPUTY SHERIFFS and managing agents' illegal conduct. DEFENDANT COUNTY and its managing agents, in both their individual and official capacities, knew, or should have known, that DEFENDANT DEPUTY SHERIFFS and managing agents were engaging in illegal conduct and had been warned, informed, and given prior notice of the illegal conduct.

11. It is well established that when an employer ratifies the tortious conduct of an employee, he or she becomes "liable for the employee's wrongful conduct as a joint participant." *Fretland v. County of Humboldt* 69 Cal. App. 4th 1478, 1489-1490 (1999). An employer who fails to discipline an employee after being informed of that employee's improper conduct can be deemed to have ratified that conduct. *Hart v. National Mortgage & Land Co.* (1987) 189 Cal. App. 3d

1420, 1430 (1987); *Iverson v. Atlas Pacific Engineering* 143 Cal. App. 3d 219, 228(1983). According to the court in Iverson, supra, if an employer is informed that an employee has committed an intentional tort and nevertheless declines to "censure, criticize, suspend, or discharge" that employee, a claim can be made for ratification. Id.

12. Ratification is the voluntary election by a person to adopt in some manner as his own, an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him.  A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is 'inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it. *Fretland*, supra 69 Cal. App. 4th 1

13. At all relevant times alleged herein, DEFENDANT COUNTY and its managing agents, in both their individual and official capacities, had actual and constructive knowledge of Defendants and managing agents' illegal conduct and has endorsed, ratified, and encouraged Defendants' illegal behavior. DEFENDANT COUNTY and its managing agents, in both their individual and official capacities, failed to take any corrective action to protect employees and the public from Defendants' illegal behavior.

## VIII. STATEMENT OF FACTS

14.  At all relevant times before January 2015, DEFENDANT RICARDO PEREZ was a Deputy with DEFENDANT CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, and a sworn Peace Officer.

15. At all relevant times during July 2015, DEFENDANT PEREZ began to request and received nude, pornographic photos of then minor Plaintiff. On several occasions, DEFENDANT PEREZ requested and received these nude, pornographic photos while on duty.

16. At all relevant times during July 2015, DEFENDANT PEREZ knew, or should have known that Plaintiff was only 17 years old and was a teenage victim of sex trafficking.

17. Within the month of July 2015, DEFENDANT RICARDO PEREZ began to have unlawful sexual intercourse with then minor Plaintiff. In fact, within 1 month of meeting then minor Plaintiff JANE DOE, DEFENDANT PEREZ had unlawful sexual conduct with her on at least 6 different occasions.

18. At one point during the course of this unlawful sexual relationship, Plaintiff informed DEFENDANT PEREZ that she had been underage during numerous of their unlawful sexual encounters. DEFENDANT PEREZ's reaction was very nonchalant; her status as a minor being of no concern to him.

19. At all relevant times during the course of this unlawful sexual relationship, DEFENDANT PEREZ showed willful and deliberate indifference to then minor Plaintiff's expressed declaration that she was a minor. DEFENDANT PEREZ's response of willful and deliberate indifference reflected his prior knowledge the entire time during the course of this unlawful sexual relationship that she was under age, and her declaration to him of being a minor was not a surprise to him.

20. Moreover, DEFENDANT PEREZ continued to engage in unlawful sexual conduct with Plaintiff after being told she was under age during their sexual encounters. Based on all the information available to DEFENDANT PEREZ, he either knew or should have known that Plaintiff was a minor while he was having an illegal sexual relationship with her.

21. DEFENDANT PEREZ was informed by Plaintiff, and knew or should have known that that the illegal sexual relationship was one of a "*Quid Pro Quo*" for minor Plaintiff's protection from the police as a sex trafficked child.  Plaintiff informed DEFENDANT PEREZ, she was having illegal sex as a minor with other police officers.

22. DEFENDANT PEREZ sent multiple photographs of his naked penis to Plaintiff between July 2015 and April 2016; and DEFENDANT PEREZ demanded, sometimes over Plaintiff's objection, that she send him several naked, sexually explicit photographs of herself. DEFENDANT PEREZ sent multiple photographs while he appeared to be on duty. Additionally, DEFENDANT PEREZ shared the photographs with other members of the Contra Costa County Sheriff's department.  Plaintiff alleges on information and belief that DEFENDANT PEREZ shared the photos with members of the department who knew or should have known that DEFENDANT PEREZ should not have been requesting photos of Plaintiff.  When Plaintiff told DEFENDANT PEREZ in January 2016 that she had been 17 at the time they had sex, his attitude was like, "whatever".

23. DEPUTY PEREZ had multiple sexual encounters with Plaintiff while she was a minor. As a peace officer, DEPUTY PEREZ was obligated under California Penal Code 236.2 to make certain inquiries regarding Plaintiff's well-being.  Instead of protecting Plaintiff from sexual exploitation, Deputy Perez sexually exploited the minor Plaintiff himself.  Deputy Perez continued to sexually exploit Plaintiff after she turned 18.

24. DEFENDANT PEREZ, at all times herein relevant, was a sworn Sheriff's Deputy for DEFENDANT COUNTY.  As a sworn deputy, DEFENDANT PEREZ had a mandatory obligation to report child abuse. CANRA stands for the Child Abuse and Neglect Reporting Act, and can be found in sections 11164-11174.3 of the California Penal Code. CANRA is a set of laws that was passed in 1980 to provide definitions and procedures for mandated reporting of

child abuse. Child sexual abuse (PC 11165.1) includes sexual assault or sexual exploitation of anyone under the age of 18. Sexual assault includes sex acts with children, intentional masturbation in the presence of children, and child molestation. Sexual exploitation includes preparing, selling, or distributing pornographic materials involving children; performances involving obscene sexual conduct; and child prostitution.

25. Though everyone should report child abuse, a number of professionals must report abuse or be held liable by law. Those required to do so are listed in California Penal Code section 11165.7 which includes peace officers. DEFENDANT PEREZ, at all times herein relevant, was a peace officer and had an affirmative duty to report child abuse, including the abuse inflicted by him. Had DEFENDANT PEREZ been properly trained on meeting Plaintiff, DEFENDANT PEREZ would have taken steps pursuant to California Penal Code 236.2 to determine if she was the victim of sex trafficking or sexual abuse and would have made the reports mandated by CANRA. Plaintiff told DEFENDANT PEREZ that she was a minor and was engaging in sexual intercourse with other law enforcement officers, providing DEFENDANT PEREZ with not only actual knowledge but also corroborative facts leading to a reasonable suspicion of the truth of Plaintiff's statement and admission of being a victim of child sexual abuse.

26. DEFENDANT SHERIFF DAVID LIVINGSTON failed to conduct any training, and specifically "in person training" and failed to supervise DEFENDANT PEREZ regarding Penal Code section 11166 (a), which sets forth the current meaning of "reasonable suspicion" as: "It is objectively reasonable for a person to entertain a suspicion, based upon facts that could cause a reasonable person in a like position, drawing, when appropriate, on his or her training and experience, to suspect child abuse or neglect." When a mandated reporter knows, or sees, a child whom he /she knows or reasonably suspects has been the victim of child abuse or neglect, he/she

is to report immediately (or as soon as practically possible) by telephone; within 36 hours of the telephonic report, the mandated reporter must fax or email a written follow-up report.

27. DEFENDANT SHERIFF DAVID LIVINGSTON, as the final decision maker of CCCSD, was ultimately responsible for hiring, training, and supervising DEFENDANT PEREZ. DEFENDANT SHERIFF DAVID LIVINGSTON's obligation as a supervisor is to ensure that his deputies, such as DEFENDANT PEREZ, are trained in the enforcement of the Laws of the State of California, including the California Penal Code provisions pertaining to child abuse and child sex trafficking.

28. DEFENDANT PEREZ's conduct violated Penal Code section 11165.1 defining "sexual abuse," "sexual assault," and "sexual exploitation". Mandatory Reporters, such as DEFENDANT PEREZ, in reporting suspicion of abuse is similar to making a 911 call when one observes an auto accident where people might be hurt: While the Mandatory Reporter is not required to engage in verifying that there is an actual injury, the Mandatory Reporter is clearly giving notice to the appropriate investigators that there may be an actual injury that warrants investigation and detection by the experts. DEFENDANT PEREZ failed to report she was engaging in sex with adult law enforcement officers.

29. DEFENDANT PEREZ was aware of the illegality of his conduct and his obligation to report the sexual abuse of Plaintiff but showed a deliberate indifference to the very laws he was sworn to uphold, reflecting positive proof of SHERIFF DAVID LIVINGSTON's absolute failure in hiring, training, and supervising DEFENDANT PEREZ. DEFENDANT SHERIFF DAVID LIVINGSTON at all relevant time was acting under color of state law.

30. On or about September 19, 2016, the Alameda County District Attorney filed a three-count criminal complaint against Deputy Perez for violating Penal Code section 288a(b)(1) felony oral copulation of a person under 18 and two counts of violating Penal Code section 647(a)

misdemeanor engaging in lewd conduct. The criminal complaint covers conduct during the time period of August 1, 2015 through October 31, 2015.

31. At all times herein relevant, DEFENDANT Perez was employed by CCCSD and acting under color of state law. At all times relevant he was a peace officer obligated to protect victims of sexual exploitation. On information and belief, Plaintiff alleges that DEFENDANT Perez and other officers in early 2016, after OPD Officer Warit Utappa stole her cell phone, shared its contents with what she called "the little group" of officers, referring to a cadre of cops who were trafficking and talking about her. This conduct constituted a plan, scheme, and conspiracy, followed by initiated overt acts to commit crimes against Plaintiff.

32. DEFENDANTS, and each of them knew, or should have known that sex trafficked minors like Plaintiff JANE DOE and/or sex workers are vulnerable and susceptible to coercion by law enforcement who use their authority to exploit women like minor Plaintiff.

33. DEFENDANT SHERIFF DAVID LIVINGSTON and DEFENDANT CONTRA COSTA COUNTY maintained a policy of inaction pertaining to training and supervising the deputy sheriffs; and lacked a policy or procedure to protect minors like Plaintiff from officers like DEFENDANT PEREZ who exploited minor Plaintiff.

34. DEFENDANT PEREZ knew or should have known that his willful and intentional conduct violated several Laws of the State of California, including, but not limited to the following: Penal Code 286; 288(a)(b); 288(a); 288a(b)(1) felony oral copulation of a person under 18; Penal Code section 647(a) misdemeanor engaging in lewd conduct; Penal Code 289 (h) "Except as provided in Section 288, any person who participates in an act of sexual penetration with another person who is under 18 years of age shall be punished by imprisonment in the state prison or in a county jail for a period of not more than one year"; Civil Code section 1708.5 providing: "(a) A person commits a sexual battery who does any of the

following: (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results"; Penal Code 647.6. "(a) (1) Every person who annoys or molests any child under 18 years of age shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment. (2) Every person who, motivated by an unnatural or abnormal sexual interest in children, engages in conduct with an adult whom he or she believes to be a child under 18 years of age, which conduct, if directed toward a child under 18 years of age, would be a violation of this section, shall be punished by a fine not exceeding five thousand dollars ($5,000), by imprisonment in a county jail for up to one year, or by both that fine and imprisonment.

35. The Statute of Limitation is not a defense for DEFENDANTS since California Code Of Civil Procedure Section 340.1 provides, in pertinent part, the following: "(a) In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight [8] years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later, for any of the following actions: (1) An action against any person for committing an act of childhood sexual abuse. (2) An action for liability against any person or entity who owed a duty of care to the plaintiff, where a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff. (3) An action for liability against any person or entity where an intentional act by that person or entity was a legal cause of the childhood sexual abuse which resulted in the injury to the plaintiff."

**DAMAGES**

A. **ECONOMIC**

36.     Plaintiff has incurred extensive economic damages, including medical bills, lost earning potential, medical monitoring and other economic harm, damages, and losses.

B. **NON-ECONOMIC**

37.     Plaintiff has suffered and continues to suffer pain, anxiety, mental distress, and emotional distress, loss of enjoyment of life, humiliation, fear, inconvenience, and misery. Additionally, Plaintiff has been clinically assessed with "many strong negative thoughts about herself that started during the time she was having sex with police officers and which [negative thoughts] have continued.  She also suffers disorder Depression, unspecified depression type Anxiety PTSD (post-traumatic stress disorder) …that are causally related to her experiences of being sexually exploited by members of the Police Department…. Plaintiff's anxiety increased in intensity after she started having sexual relationships with the police officers. Plaintiff's feeling of constantly being on edge, restlessness and paranoia were not present prior to her sexual exploitation by Defendants.

**FEDERAL CLAIMS**

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT PEREZ**
**(42 U.S.C. 1983 Violation of Fourteenth Amendment)**

38. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

39. The aforementioned actions of DEFENDANT PEREZ constitute a violation of Plaintiff's substantive due process rights, including the right to "Liberty", guaranteed by the Fourteenth Amendment of the U.S. Constitution by violating Plaintiff's bodily integrity and thus entitle Plaintiff to recover damages pursuant to 42 U.S.C 1983.

40. DEFENDANT PEREZ knew that Plaintiff was being sexually exploited while she was a minor. A reasonably prudent and properly trained sheriff's deputy, having met Plaintiff, would have provided support or resources to Plaintiff. The fact that DEFENDANT PEREZ decided to exploit the young and vulnerable Plaintiff is evidence of a total lack of training.

41. As a minor, Plaintiff was unable to consent to DEFENDANT PEREZ's demands for sexual relations. As such, any sexual contact with Plaintiff was an intentional sexual battery against Plaintiff, perpetrated by DEFENDANT PEREZ while acting under color of state law.

42. DEFENDANT PEREZ used his status as a sheriff's deputy, acting under color of state law, to extract sexual favors from Plaintiff while she was a minor, thereby utilizing his position as a sheriff's deputy to compel Plaintiff to perform sexual acts in violation of her Constitutional rights.

43. DEFENDANT PEREZ'S actions evidenced a reckless and callous disregard, and deliberate indifference to Plaintiff's constitutional rights. DEFENDANT'S illegal conduct caused, and continues to cause, Plaintiff economic and non-economic damages, including mental and emotional distress.

44. DEFENDANT PEREZ'S conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety, and health of Plaintiff. The individual DEFENDANT'S conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinbelow set forth

### SECOND CAUSE OF ACTION
### AGAINST SHERIFF DAVID LIVINGSTON
### (Supervisory Liability for Section 1983 Violations
### Negligent Training and Supervision)

45. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

46. The aforesaid conduct by DEFENDANT PEREZ and the injuries to Plaintiff were the result of deliberate indifference to the safety, constitutional rights and risks of injury, losses, and harms to minors, including Plaintiff, by SHERIFF DAVID LIVINGSTON in his hiring, training, and retention of DEFENDANT PEREZ. The Federal Law "The Trafficking Victims Protection Act (TVPA) of 2000)", Penal Code Section 288a(b)(1), and Child Abuse and Neglect Reporting Act ("CANRA"), Amended Effective September 9, 2013, are well established laws for the protection of children.

47. The California Child Abuse and Neglect Reporting Act ("CANRA," Penal Code sections 11164-11174.4) requires certain professionals, known as mandated reporters, to report known or suspected instances of child abuse or neglect to law enforcement. California mandated reporting laws were first enacted in 1963. The primary purpose for these reporting laws is protection of the child. Penal Code Section 11165 states: "Persons reporting incidents of child abuse are immune from civil or criminal prosecution (Penal Code Section 11172). Failure to report child abuse is a misdemeanor and punishable by up to six (6) months in the county jail or a fine of not more than $1,000 or both."

48. DEFENDANT SHERIFF DAVID LIVINGSTON's acts and failure to act as DEFENDANT PEREZ's supervisor deprived the Plaintiff of her particular rights under the laws of the United States and the United States Constitution, including the Fourth Amendment Right of Privacy and the Fourteenth Amendment Right to Liberty. DEFENDANT SHERIFF DAVID LIVINGSTON, the supervisory DEFENDANT, disregarded the known or obvious consequence that a particular training deficiency in protecting children from sexual abuse and sex trafficking or omission to train would cause his subordinates, including DEFENDANT PEREZ to violate the Plaintiff's constitutional rights.

49. The training policies of the Defendant CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT were not adequate to prevent violations of law by its employees. CONTRA COSTA COUNTY SHERIFF DAVID LIVINGSTON, in furtherance of a policy, practice, custom and pattern, failed to train his sheriff's deputy officers to handle the increasing, usual and recurring situations of sex trafficking of minors, such as Plaintiff, with whom they must deal.

50. DEFENDANT CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT was deliberately indifferent to the substantial risk that its policies, practice, custom and pattern of inactions were inadequate to prevent violations of law by its sheriff's deputies, such as the violations of law committed by CONTRA COSTA COUNTY DEPUTY SHERIFF DEFENDANT PEREZ against Plaintiff, then a minor. Further, DEFENDANT CONTRA COSTA COUNTY SHERIFF DAVID LIVINGSTON was deliberately indifferent to the known or obvious consequences of his failure to adequately train his sheriff's deputies, including DEPUTY SHERIFF DEFENDANT PEREZ.

51. DEFENDANT PEREZ knew or should have known that Plaintiff was a minor during the time he was having sexual relations with her.  As a sworn peace officer, it was his duty to uphold the laws of Contra Costa County, the state of California, and the United States.  Had he been properly trained, he would have realized that it was illegal for him to have sexual relations with Plaintiff, including exchanging nude photographs.  Had he been properly trained, he would have verified her age prior to engaging in sexual relations with her, given her apparent youth.  Had he been properly trained he would have made an inquiry into her well-being and would have made the proper reporting under CANRA.  Had he been properly trained, on learning that she engaged in under age sex acts, he would have made the mandatory reporting as required by the California Penal Code.

52. DEFENDANT SHERIFF DAVID LIVINGSTON's failure to train DEFENDANT PEREZ regarding DEFENDANT PEREZ's duty under Penal Code section 288a(b)(1) and Child Abuse and Neglect Reporting Act ("CANRA") amounted to deliberate indifference, because a reasonable supervisor in DEFENDANT SHERIFF DAVID LIVINGSTON's position would have realized that failing to adequately train and supervise a deputy in his duties under Penal Code section 288a(b)(1) and CANRA would likely result in a constitutional violation such as occurred here.

53. By failing to properly train DEFENDANT PEREZ, DEFENDANT SHERIFF DAVID LIVINGSTON allowed PEREZ to operate among the population with a gun and a badge but with no understanding of the damaging impact sexual exploitation has on minors. This lack of any understanding and common decency is evidenced by his very nonchalant response to being formally informed that he was in a sexual relationship with a child. Accordingly, DEFENDANT SHERIFF DAVID LIVINGSTON's failure to train DEFENDANT PEREZ was a substantial factor in causing DEFENDANT PEREZ to violate Plaintiff's constitutional rights by engaging in sexual acts with a minor.

54. Further, Plaintiff alleges that based on the exchange of sexually explicit photographs while DEFENDANT PEREZ was on duty, DEFENDANT COUNTY, through members of CCCSD chain of command, including but not limited to DEFENDANT SHERIFF DAVID LIVINGSTON, knew, or should have known about DEFENDANT PEREZ's improper and illegal conduct prior to public revelations regarding DEFENDANT PEREZ's conduct that followed the announcements of criminal charges by the Alameda County District Attorney.

55. Despite this prior knowledge, neither DEFENDANT COUNTY nor DEFENDANT SHERIFF DAVID LIVINGSTON took any action to investigate DEFENDANT PEREZ's conduct. Based on Plaintiff's status as an underage sex worker, DEFENDANT COUNTY and

DEFENDANT SHERIFF DAVID LIVINGSTON knew or should have known that their lack of action to stop DEFENDANT PEREZ would lead to continued violations of Plaintiff's constitutional rights.

56. The SUPERVISORY DEFENDANTS knew, or should have known, about these abuses, and they failed to take meaningful preventive or remedial action. The SUPERVISORY DEFENDANTS' actions evidenced a reckless and callous disregard, and deliberate indifference to Plaintiff's constitutional rights. DEFENDANTS' illegal conduct caused, and continues to cause, Plaintiff economic and non-economic damages, including mental and emotional distress.

57. DEFENDANTS' conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety and health of Plaintiff. The individual DEFENDANTS' conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinbelow set forth.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT PEREZ
### (42 U.S.C. 1983 Violation of Fourth Amendment)

58. PLAINTIFF repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

59. The actions of DEFENDANT PEREZ constitute a violation of Plaintiff's Constitutional Rights to be free of "unreasonable seizures" guaranteed by the Fourth Amendment of the U.S. Constitution, providing: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable … seizures, shall not be violated". DEFENDANT PEREZ engaged in illegal conduct, violating Plaintiff's bodily integrity, and thus entitling Plaintiff to recover damages pursuant to 42 U.S.C 1983. Each illegal sexual encounter was a constitutional

deprivation of Plaintiff's liberty, as well as an unreasonable seizure of a minor, who lacks the capacity to consent to such illegal conduct.

60. DEFENDANT PEREZ knew that Plaintiff was a sex worker and had been sexually abused and trafficked as a minor. A reasonably prudent and properly trained sheriff's deputy, having met Plaintiff, would have provided support or resources to Plaintiff. The fact that DEFENDANT PEREZ decided to exploit the young and vulnerable Plaintiff is evidence of a total lack of training.

61. As a minor, Plaintiff was unable to consent to DEFENDANT PEREZ' demands for sexual relations. As such, any sexual contact with Plaintiff was an intentional sexual battery against Plaintiff perpetrated by DEFENDANT PEREZ, acting under color of state law.

62. DEFENDANT PEREZ used his status as a sheriff's deputy acting under color of state law, to extract sexual favors from Plaintiff while she was a minor, thereby utilizing his position as a sheriff's deputy to compel Plaintiff to perform sexual acts in violation of her Constitutional rights.

63. DEFENDANT PEREZ'S actions evidenced a reckless and callous disregard, and deliberate indifference to Plaintiff's constitutional rights. DEFENDANT PEREZ'S illegal conduct caused, and continues to cause, Plaintiff economic and non-economic damages, including mental and emotional distress.

64. DEFENDANT PEREZ'S conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety, and health of Plaintiff. The individual DEFENDANT PEREZ'S conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinbelow set forth

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT PEREZ

**(42 U.S.C. 1983 Violation of**
The Trafficking Victims Protection Act (TVPA) of 2000)
**(18 U.S.C. § 1590)**

65. The Trafficking Victims Protection Act (TVPA) of 2000) provides: "Whoever knowingly recruits, harbors, transports, provides, or obtains by any means any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both."

66. DEFENDANT PEREZ was informed by Plaintiff, and knew or should have known that that the illegal sexual relationship was one of a "Quid Pro Quo" or for minor Plaintiff's protection from the police as a sex-trafficked child. Plaintiff informed DEFENDANT PEREZ, and he knew and should have known Plaintiff was having illegal sex as a minor with other law enforcement officers.

67. DEFENDANT PEREZ knowingly recruited, harbored, transported, provided, or obtained by any means Plaintiff for "services" of his prurient, lascivious, and lustful thoughts and sexual desires.

68. DEFENDANT PEREZ'S actions evidenced a reckless and callous disregard, and deliberate indifference to Plaintiff's constitutional rights. DEFENDANT PEREZ'S illegal conduct caused, and continues to cause, Plaintiff economic and non-economic damages, including mental and emotional distress.

69. DEFENDANT PEREZ'S conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the constitutional rights, safety, and health of Plaintiff. The individual DEFENDANT PEREZ'S conduct warrants punitive damages to protect the public in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as hereinbelow set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## **PRAYER FOR RELIEF**

1. For economic and non-economic damages;
2. For prejudgment interest at the prevailing legal rate;
3. For costs of the suit including reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;
4. For Punitive Damages against DEFENDANT PEREZ.
5. For all statutory damages, penalties, and remedies
6. For such other and further relief as the Court may deem proper.

**LAW OFFICES OF JOHN L. BURRIS**
**LAW OFFICES OF BONNER & BONNER**

Dated: August 24, 2017

_____
John L. Burris, Esq.
Charles A. Bonner, Esq.
Attorneys for Plaintiff, JANE DOE